## EX PARTE H. L. PHILLIPS.

1. **HABEAS CORPUS.**   *Convict.   Void sentence.*
   Notwithstanding Code 1871, § 1897, which declares that the writ of *habeas corpus* shall not apply to a person imprisoned under lawful judgment, a convict in the penitentiary is entitled to be discharged on that proceeding if the record of his trial is so fatally defective as to render the sentence a nullity.

2. **CRIMINAL PROCEDURE.**   *Statutes of Jeofails.   Constitutional law.*
   The statutes (Code 1857, p. 573, art. 7; Code 1871, § 2884; Acts 1878, p. 200) which provide that no verdict in a criminal case shall be annulled for any error or omission occurring before sentence, unless the record shows that objection was made in the lower court, are constitutional.

3. **SAME.**   *Defects cured by statutes.   Collateral attack.*
   In the absence of such objection, a sentence is valid in a collateral proceeding, by virtue of those statutes, although the record fails to show an order for summoning a grand jury, or their organization, impanelling, or swearing, or the appointment of a foreman, or the finding or filing of the indictment, or the prisoner's presence.

4. **SAME.**   *Objections.   How reserved.   Motion in arrest.*
   A recital in such record that the defendant's motion in arrest of judgment was heard and overruled, or a *pro forma* motion in arrest, is not a sufficient objection, under the statutes, to reserve the defects for a collateral attack, but the motion must specify the errors or omissions. *Semble,* that the same is true on error or appeal.

5. **SAME.**   *Practice in Circuit Court unaffected by the statutes.*
   The observance of every statutory and common-law rule for the protection of the accused is as essential now as before the statutes were passed.

6. CRIMINAL PROCEDURE. *Effect of the statutes. Presumption of regularity.*
The effect of the statutes is simply to shift the presumption as to the
subjects embraced by their language, to which, when the record is
silent, the courts are now required to apply the maxim, *Omnia præ-
sumuntur rite esse acta.*

7. SAME. *Reserving objections. Burden on accused.*
Under the statutes the duty of attacking, in the lower court, the errors
and omissions complained of is devolved upon the accused, who, in
order to show in this court that he did so attack them, must see that
the record properly embodies and sets forth his motions or objections.

APPEAL from a decision of Hon. J. A. GREEN, Judge of
the First District of Mississippi, dismissing a writ of *habeas
corpus* and remanding the relator to custody.

*Inge & Chandler*, for the appellant.

1. The writ of *habeas corpus* may be employed in áll cases of
illegal confinement. Code 1871, § 1396; *Donnell* v. *State*, 48
Miss. 661. If the judgment were simply voidable, the remedy
would be by writ of error to reverse it; but if void, the writ
of *habeas corpus* can be properly employed. Hurd on Habeas
Corpus, 326, 328 ; Tidd's Prac. 398 ; *Ex parte Gibson*, 31 Cal.
619, 625. The question is whether the court had any right to
try the defendant under the circumstances. *In re Blair*, 4 Wis.
522 ; *Ex parte Burnett*, 30 Ala. 461. The record of the Cir-
cuit Court must show affirmatively that a grand jury was
organized, and the indictment properly returned into court.
*Laura* v. *State*, 26 Miss. 174 ; *Cachute* v. *State*, 50 Miss. 165.
A grand jury not elected, summoned, and impanelled ac-
cording to law, is an illegal body, and cannot return a valid
indictment. *McQuillen* v. *State*, 8 S. & M. 587 ; *Stokes* v.
*State*, 24 Miss. 621. The record of the Circuit Court must
stand or fall by itself, and is not aided by recitals in the indict-
ment, or any subsequent pleading ; nor can facts necessary to
be in the record be supplied by presumption. *Nichols* v. *State*,
46 Miss. 284 ; *Gaiter* v. *State*, 45 Miss. 441 ; *Smith* v. *State*,
28 Miss. 728 ; *Carpenter* v. *State*, 4 How. 163 ; *Abram* v. *State*,
25 Miss. 589 ; *Foster* v. *State*, 31 Miss. 421. It is not suf-
ficient that the Circuit Court has general criminal jurisdic-
tion, to render its judgments only voidable : it must have
jurisdiction of the particular case it assumes to try. It has no
jurisdiction to try a felony without the previous lawful finding

and return into court of an indictment by a lawful grand jury. Const., art. 1, § 31. These are jurisdictional facts which can be shown only by the record, and cannot be supplied by presumption. As they are not shown by this record, the subsequent judgment is void.

2. If the statutes, Code 1871, § 729, and statutes similar to that of Feb. 12, 1878, have the effect to authorize the Circuit Court to dispense with a record of its proceedings, or justify trials for felonies without previous indictment, they are repugnant to the Constitution and void. This court has not so construed them. In *Newcomb* v. *State*, 37 Miss. 383, the true rule for construing statutes in aid of incompetent officers is laid down. Under a statute requiring all objections to form or substance to be made before verdict, the court held that this meant only such errors as the defendant could waive expressly or by silence ; that he could not waive an objection which went to the essence of the offence. The return of an indictment before trial is a constitutional necessity, which the defendant can waive neither expressly nor by silence. It is a jurisdictional fact which can only be shown by the record, and cannot be supplied by presumption ; and, if no entry of the return of the indictment is required when so returned, an entry is necessary at some stage of the case ; and, if not, the filing by the clerk is a matter of absolute necessity, and it is no filing without his official signature. *Cornwell* v. *State*, 53 Miss. 385. As to the construction of the various jury laws that have been in force from time to time, see *Box* v. *State*, 34 Miss. 614 ; *Miller* v. *State*, 33 Miss. 356 ; *Portis* v. *State*, 23 Miss. 578 ; *Stokes* v. *State*, *ubi supra.* The record does not show that the defendant was confronted with the witnesses against him, nor does it show the return into court of the verdict in his presence. No privy verdict can be returned in felony cases. 1 Chitty Crim. Law, 643 ; Hawkins P. C. b. 2, ch. 47, § 9 ; 2 Hale P. C. 299 ; and Co. Lit. 227. On such a record a debt of ten dollars could not be collected. It is held that a judgment which does not specify the amount is void. *Claughton* v. *Black*, 24 Miss. 185. Nor can the costs be collected in such a case. *Easterling* v. *State*, 35 Miss. 210. Will it be contended that a grand jury in blank can deprive a citizen of his liberty for ten years,

while a judgment in blank cannot deprive him of a few dollars? If this record can stand, the Circuit Court is no longer a court of record; and the constitutional provision which prohibits the trial of the citizen for felony except upon indictment is a nullity. The question of jurisdiction may be raised at any time, at any stage of the case, and in any court, and the want of jurisdiction can always be shown collaterally. *Stockett* v. *Nicholson*, Walker, 75; *Yalobusha Co.* v. *Carbry*, 3 S. & M. 529; *Buckingham* v. *Bailey*, 4 S. & M. 538; *Green* v. *Creighton*, 10 S. & M. 159; *Bell* v. *Tombigbee Railroad Co.*, 4 S. & M. 549; *Peters* v. *Finney*, 12 S. & M. 449; *Lester* v. *Harris*, 41 Miss. 668.

*T. C. Catchings*, Attorney General, for the State.

1. The only mode by which the appellant can avail himself of the defects in the proceedings in the Circuit Court is by writ of error. This was the rule, aside from any statutory regulation. It is settled beyond question, by Code 1871, § 1397, which prohibits the discharge on *habeas corpus* of any person suffering imprisonment under lawful judgment. The Circuit Court is a court of record having jurisdiction over criminal cases. It has jurisdiction to try and to punish the appellant for the offence with which he was charged. Among the least questionable of its powers and duties are the deciding whether a grand jury was properly organized; whether it had in due form found and presented an indictment, which was properly filed; and whether the prisoner was confronted with the witnesses against him. In short, the court had jurisdiction to decide whether any and all things necessary in the arrest, trial, conviction, and punishment of the accused had been done in the manner and at the time required by law; and its decision on any or all of these questions is conclusive in a collateral proceeding. In *Ex parte Watkins*, 3 Peters, 193, the objection made was that the indictment charged no offence. In *Ex parte Winston*, 9 Nev. 71, the conviction was under a statute which it was claimed had been repealed. In *Platt* v. *Harrison*, 6 Iowa, 79, the relator averred that the city had no power to pass the ordinance under which he was convicted. But in each of those cases, as well as in *Ex parte Shaw*, 7 Ohio St. 81, it is held that, if a person is imprisoned by virtue

of the judgment of a court possessing general jurisdiction in criminal cases, the judgment cannot be re-examined on *habeas corpus.* To the same effect are the cases of *Johnson* v. *United States,* 3 McLean, 89 ; *Ex parte McGehan,* 22 Ohio St. 442 ; *Ex parte Van Hagan,* 25 Ohio St. 426. The proceeding by *habeas corpus* was not intended as a substitute for a writ of error. It does not reach errors and irregularities ; but the inquiry is limited to the question whether the judgment is void for illegality. An irregularity is a departure from a rule or mode of procedure. Tidd's Prac. 434 ; 3 Chitty Prac. 509. Illegality is predicable of radical defects only, and denotes a complete defect in the proceedings. Tidd's Prac. 435. It would be irregular to sentence a man to imprisonment in his absence, occasioned by the court ; but it is illegal to imprison him for an offence punishable only by a fine. *Ex parte Gibson,* 31 Cal. 619, 624. It has, accordingly, been held that the writ does not reach the case of a prisoner who was not allowed to cross-examine the witnesses ; or of one tried by a jury improperly summoned ; or of one under a sentence which departs from the statute. *Stewart's Case,* 1 Abb. Pr. 210 ; *Ex parte Tracy,* 25 Vt. 93 ; *State* v. *Shattuck,* 45 N. H. 205. The prisoner's absence, at a time when he had the right to be present, does not entitle him to a discharge on *habeas corpus. People* v. *Rulloff,* 5 Parker Cr. (N. Y.) 77. Nor does the fact that the prisoner is erroneously sentenced before the statutory interval of six hours has elapsed after his plea of guilty, entitle him to be so released. *Ex parte Smith,* 2 Nev. 338.

2. Even on writ of error, however, the defects in this record cannot be availed of. No objection was made at all in the Circuit Court ; and, therefore, under the act of 1878 (Acts 1878, p. 200), none can be heard. The failure of the record to show the impanelling of the grand jury, the return of the indictment, or the prisoner's presence, is cured by that statute, as are also all " errors or omissions occurring before sentence." The record does not show that the prisoner was not confronted by the witnesses against him, but is merely silent on that point. The clerk's failure to sign the indorsement of the filing of the indictment is also cured by failure to object in the Circuit Court.

CHALMERS, J., delivered the opinion of the court.

The relator, who was tried and convicted in the Circuit Court of Alcorn County of the crime of manslaughter, and sentenced to ten years' imprisonment in the penitentiary, brings this writ of *habeas corpus*, demanding to ˌbe discharged and set at liberty upon the ground that the record of his trial, as the same remains on file in said court, is so defective in its failure to show essential jurisdictional facts as to be a nullity. If this proposition is correct, he is entitled to be released under this proceeding, notwithstanding that clause of the statute (Code 1871, § 1397) which declares that the proceeding by *habeas corpus* shall not be held to authorize the discharge of any person " suffering imprisonment under lawful judgment," because the lawfulness of the judgment is the test of the efficacy of the writ, and the judgment itself must be tested by the record of the court which assumed to pronounce it. ˮ If it is true, therefore, that the record of the relator's conviction is fatally defective by reason of its failure to show the occurrence of judicial or ministerial acts, so essential in their character that such failure, under the Constitution and laws of this State, makes the record a nullity, the relator is undoubtedly entitled to be discharged. A transcript of that record is before us, and we must say that we never saw a worse one, or one which reflected less credit upon those who are responsible for its preparation. It opens with a proper caption, stating the meeting and organization of the court at the time and place appointed by law. Then follows a recital that " the sheriff returned into court a writ of *venire facias* issued by the chancery clerk in the·words and figures following, to wit." Then follows the writ commanding the sheriff to summon twenty persons, naming them, to serve as grand jurors. There is no statement by the clerk or any thing in the writ itself to show that it was issued in obedience to any order of the board of supervisors, nor is there any allusion to the board of supervisors in this record. Then follows a statement that all the persons named in the writ appeared and answered to their names. Then follows an attempt to state that the grand jury was impanelled and sworn; but the entry is imperfect, breaking off abruptly in

the middle of an uncompleted sentence, and containing several blank spaces. Then the names of the foreman and of the members of the jury, and of the officer sworn to take charge of them, are all left blank. Then, without preface or recital, the indictment is given with the indorsements upon it. It is not here stated how, when, or by whom, it was brought into court, and though marked "filed," the indorsement to that effect is not signed by the clerk. Upon a later page of the record, where the arraignment of the prisoner is set out, it is stated that the indictment had been "presented against him in open court by the foreman of said grand jury, and said indictment marked filed by the clerk of the court." There is no express statement that the prisoner was personally present at ·any stage of the trial except the arraignment, though it does appear that he made motions for a new trial and in arrest of judgment, but upon what grounds, and whether in person or by counsel, is not shown.

Are these defects so fatal in their character as to make the record a nullity? Is there an omission to state the occurrence of facts so essentially important that the omission must be held to have deprived the court of jurisdiction, or, rather, can we say that because of the silence of the record on the subject we must presume that the omitted facts did not occur?

Undoubtedly such would have been the ruling of our predecessors under the statutes, as they existed previous to the Codes of 1857 and 1871. But those Codes wrought a vast change in the rules of interpreting in this court records of the inferior courts in criminal cases, and this difference of interpretation has been made still broader by the Acts of 1878, pp. 199, 200, 201. By Code 1857, art. 7, p. 573, and by Code 1871, § 2884, it is declared that no verdict shall be "arrested, reversed, or annulled, after the same is rendered, for any defect or omission in any jury, either grand or petit, or for other defect, either of form or substance, which might have been taken advantage of before verdict, and which shall not have been so taken advantage of." By the Acts of 1878, p. 200, 201, it is provided that no verdict shall be "reversed or annulled in the Supreme Court because the transcript of the record in said court fails to show a proper organization of the grand jury, or

fails to show that the prisoner was present in court during the trial, or during any portion thereof, nor for any errors or omissions occurring before sentence, which might have been taken advantage of in the court below, and which shall not have been so taken advantage of, unless said transcript shows that these errors and omissions were taken advantage of by motion or otherwise in the lower court; and when said motions are made in the lower court, it shall always be competent for the court to amend any improper entries, or supply any omissions, so as to make the record conform to the facts as they occurred."

If these several statutory provisions are constitutional, they fairly embrace every defect found in the record before us. That record shows no order for the summoning of a grand jury by the board of supervisors, no proper organization, impanelling, or swearing of the grand jury, no appointment of a foreman, no proper bringing in of an indictment by the foreman of the grand jury in the presence of twelve of his fellows, no signature by the clerk of the filing of the indictment, and no presence of the prisoner during some of the most important steps taken at the trial. But no objections whatever were made to any of these things during the progress of the trial, nor after its conclusion, unless it was by the motion in arrest of judgment. That motion is not set out in the transcript, nor have we any information that it was made, except from a recital in these words, — " Came on to be heard the motion of defendant in this cause in arrest of the judgment rendered herein, which motion is by the court overruled." Assuming the constitutionality of the statute of 1878, which devolves upon the defendant the duty of attacking in the lower court the errors and omissions complained of, it is plainly incumbent on him to show in this court that he did so attack them, and hence it is his duty to see that the record properly embodies and sets out the motions or objections urged by him in the lower court with that view. His motion is not before us, and consequently we cannot say what was its scope and point of attack.

We incline to the opinion that, even upon writ of error, it would not be sufficient for him to show that he made in general terms a motion in arrest, without any specification what-

ever of the defects complained of. We shall certainly so rule in this collateral attack upon the record. The statute declares that when the defendant, by motion or otherwise in the lower court, complains of the errors and omissions existing in the record, the court shall have power to correct defects and supply omissions so as to make it conform to the facts as they actually occurred. The policy thus indicated will be defeated if the defendant by a mere *pro forma* motion in arrest, without any specification whatever of the grievances complained of, can obtain all the advantage in this court of the irregularities in the record below. The consequence of such a ruling would be that, in every case, these formal motions would be made, which, while not giving the lower court notice of the point of the motion, would practically nullify the power confided to it of reforming the record, so as to make it show the facts as they actually occurred.

We see no error or omission in the record before us that is not covered by the existing statutes, nor do we see any valid constitutional objections to the statutes themselves. It is no less essential now than always that a party charged with a felony should be indicted by a grand jury, and that the indictment shall be brought into court and the trial be conducted according to all the forms prescribed by law. A neglect upon the part of the Circuit Court to observe any statutory enactment or common-law principle intended for the protection of the accused, where the same has not by the lawgiver been declared to be directory only, will vitiate a verdict, or, if it relates to a jurisdictional fact, will render the proceedings void. The only change wrought by the statutes under consideration is in shifting the legal presumptions as to the matters covered by their language. To such matters, when the record is silent, the courts are now required to apply the maxim *Omnia præsumuntur rite esse acta*. Nor does it seem to us that there is any thing of hardship or injustice in this requirement. It should not be presumed in the first place that the Circuit Court will permit accused persons to be tried in violation of law, or will fail to extend to them the benefit of every safeguard to which they are legally entitled. Still less should it be presumed that they themselves are so ignorant or

so friendless as to submit to trial without demanding and receiving the protection of those safeguards. If such has been the case, it will surely occur to them or their counsel or their friends to have the matter brought to the attention of the court at some time during the term, and, by motion or otherwise, have the wrong corrected, or at least a memorial made of it, so that it may be reviewed and reversed by the appellate tribunal. In the case at bar, for instance, we cannot suppose as a matter of fact that the relator was tried upon an indictment that was never brought into court, which had been framed by a body of men which assumed to act as a grand jury without having been elected, impanelled, sworn, or charged, which had no foreman to preside over its deliberations, and no officer to attend; or that the accused was absent during the whole progress of the trial, except at the arraignment. The record shows that he was defended throughout by able and experienced counsel, who would not for a moment have submitted to such a proceeding, even if the court would have permitted it; or if, as a stroke of policy, the counsel had passed it over in silence during the trial, they certainly would have taken advantage of it after conviction. It is evident, we think, that, in truth, all the requirements of law were complied with, but, owing to the ignorance or carelessness of the clerk, there was a failure to note them on the record. Some weeks after the adjournment of the term, counsel, discovering these omissions, sued out this writ of *habeas corpus*, to have declared null and void a proceeding to which, during its entire progress, they had offered no word of objection. It was to prevent such action that the statutes under review were passed.                              *Judgment affirmed.*