ROBERT HUNT *v.* THE STATE.

61  577
72  996
―――――
61  577
o80  20

1. SUPREME COURT PRACTICE.  *Omission of fact from the record.*
   No case will be reversed in the supreme court by reason of any error or omission in the record even as to jurisdictional facts, unless the record affirmatively shows that such fact did not exist.

2. SAME.  *Mere silence.*
   Whenever there is mere silence on the subject the court will presume under § 1443, Code 1880, that the necessary jurisdictional fact existed in the court below.

3. SAME.  *Trial by eleven men.  Case in judgment.*
   Where the record recites that " Thereupon came a jury of good and lawful men, to wit," setting them out by name but naming only eleven men, *held,* that the record affirmatively shows a trial by only eleven men.

4. SAME.  *Jury.  Import of the word.*
   Where the record recites that a '·jury came " without undertaking to enumerate them, the word "jury" imports *ex vi termini,* twelve men, but if in addition the clerk at the same time certifies affirmatively in a particular case that less than twelve composed the panel, the case must be reversed.

5. SAME.  *Criminal law.  Consent by defendant to trial by less than twelve men.*
   The defendant on a charge for a felony cannot consent to a trial by less than twelve men.  Such consent is absolutely void and will be ignored in the appellate court.

37

APPEAL from the Circuit Court of Washington County.

HON. B. F. TRIMBLE, Judge.

The facts are stated in the opinion.

*F. A. Montgomery, Jr.*, for the appellant.

The appellant was tried and convicted by the verdict of only eleven jurors. The right to be tried by a jury of twelve men is a constitutional privilege. See Constitution, Art. I, Sec. 12, also *Carpenter* v. *State*, 4 How. (Miss.) 163. The number of twelve jurors is there said to be the number contemplated in the constitution, also see Code of 1880, § 1695. Neither could the appellant have waived his right to be tried by twelve men in a case of felony, although it has been held that it could be done in a misdemeanor trial. See Cooley's Constitutional Limitations 319 and 320; *Work* v. *State*, 2 Ohio N. S. 296; *Cancemi* v. *People*, 18 N. Y. 128; *Brown* v. *State*, 8 Blackf. 561; *Commonwealth* v. *Dailey*, 12 Cush. 80. The record in the case at bar shows that, "thereupon came the jury, etc." Here follows a list of the jury, consisting of eleven in all. This record was read in open court in the hearing of the district attorney and the presiding judge, and it is not to be presumed that if there had been another juror they would not have had the correction made. In fact, the record is the only evidence of the fact that there was a trial and no presumptions or evidence can be taken to contradict or vary the same. See *Carpenter* v. *State*, *supra;* *McCarthy* v. *State*, 56 Miss. 295; *Laura* v. *State*, 26 Miss. 174; *Rawls* v. *State*, 8 S. & M. (Miss.) 599; *Cornwell* v. *State*, 53 Miss. 385. If any presumption could be had in explanation it would be simply that the appellant *consented* to be tried by eleven instead of twelve jurors, which he could not do. Hence, even though it were presumed that he did consent, the judgment would still be a nullity for the reasons above given. See Cooley's Constitutional Limitations, *supra*, with cases cited *supra*. Section 1433, Code of 1880, does not apply to this case, because this is not a case of an error or omission of the clerk, but here is a record, the sole evidence of itself showing a conviction, a sentence upon that conviction, and the conviction (to wit, the verdict of guilty) is on its face a nullity, while on its validity depends the validity of the judgment, and

that judgment is, on the face of the record, pronounced on the verdict of eleven men only, whereas no lawful and constitutional judgment could be rendered on the verdict of that number, as shown by authorities cited *supra*. The authorities since the statute of 1878 and the code of 1880 agree that there must have been a *trial and verdict*. See *Ex parte Phillips*, 57 Miss. 357; *Spivey* v. *State*, 58 Miss. 743; *Flemming* v. *State*, 60 Miss. 434; all of these cases agreeing that the statute extends far enough to cover the defects in an indictment or in its return into court, or the organization of a grand jury, if the same be not made ground of special exception in the lower court.

*J. L. Harris*, for the State.

1. I regard it as unnecessary to consider the instructions, as the verdict under the evidence was manifestly correct. The attempt to show that the defendant was insane was an abortion. His excentric and unusual conduct, testified to by several witnesses, was caused by intoxication.

2. The second assignment of error is without merit, the objection now raised not having been made the ground of exception in the court below. Code 1880, § 1433; *Spivey's Case*, 57 Miss. 743; *Flemming's Case*, 60 Miss. 434.

CHALMERS, J., delivered the opinion of the court.

The entry by the clerk of the verdict of the jury is in these words : " Thereupon came the district attorney, who prosecutes the pleas of the State, and Robert Hunt, the defendant herein, in his own proper person, and the said defendant, being solemnly arraigned and charged on the indictment herein, pleaded *not guilty* as charged, thereupon came a jury of good and lawful men, to wit, Hal Yerger, etc., etc.," naming with Mr. Yerger eleven men only— that is to say, the clerk recites that there came a jury of good and lawful men, to wit, eleven men. What is the effect of this ? Must the judgment sentence be reversed because the record affirmatively shows that the defendant was convicted by eleven men only ? We said in *Phillips' Case*, 57 Miss. 357; *Spivey's Case*, 58 Miss. 743, and *Flemming's Case*, 60 Miss. 434, that by § 1443 of Code of

1880, and by similar laws in preceding codes, no case could be reversed in this court by reason of any error or omission in the record even as to jurisdictional facts, and that, therefore, when the error consisted of an omission to show even such a fact, we would assume that such fact existed unless the record affirmatively showed that, in fact, it did not exist. Whenever, therefore, there was a mere silence on the subject we must presume under the statute that the necessary jurisdictional facts existed in the court below.

It is evident that the fact not contained in this record, to wit, that there were twelve men on the jury, was jurisdictional in its character.

The defendant, on a charge for a felony, cannot consent to a trial by less than twelve men. If he does so consent, such consent is void and will be ignored in the appellate court. There can be no valid jury trial by less than twelve men and a consent to that effect by a criminal is absolutely void. *Byrd* v. *State,* 1 How. (Miss.) 163; *Carpenter* v. *State,* 4 How. (Miss.) 163; *Lewis* v. *Jarrett,* 5 How. (Miss.) 434. Such is the settled law of this court. Is the present an instance only of an omission to show that there were twelve men on the jury, or is it a case where the record affirmatively shows that there were eleven only? If it was merely an omission to show anything on the subject the cases quoted above would govern it, otherwise not.

It is to be remarked that no motion on the subject was made in the court below, and we have quoted above all that the record shows on the subject. In *Larillian* v. *Lane,* 8 Ark. 372, and in *Foote* v. *Lawrence,* 1 Stew. (Ala.) 483, it was held that the clerk made the record at least contradictory by reciting that " a jury " came, and then by enumerating only eleven men as composing it, since every jury *ex vi termini* imports that there were twelve men, and that in such case the court would assume that the clerk was right when he said that " a jury," to wit, twelve men, came, and wrong when he named only eleven as composing it.

Though in several of our cases it seems understood that the word " jury " necessarily imports twelve men, it is clearly decided by several cases that the court must reverse when the clerk uses that

word, and at the same time affirmatively certifies that less than that number composed the panel which tried the particular case. *Dixon* v. *Richards*, 2 How. (Miss.) 771 ; *Bone* v. *McGinley*, 7 How. (Miss.) 671, and cases cited above ; Thompson and Merriam on Jury Trials, §§ 5 and 6, *et seq.* We see nothing in § 1443 of code or in the cases above referred to which alters the rule announced, and, therefore, because the record before us affirmatively shows that the accused was tried by less than twelve men we must reverse and remand for a new trial.