## SANDY HAYS v. STATE OF MISSISSIPPI.

### [50 South. 557.]

CRIMINAL LAW AND PROCEDURE. *Murder. Grand jury not sworn. Indictment. Objection after verdict.* Code 1906, §§ 1413, 1426, 1427.

An objection to an indictment based on the ground that the grand jury was not sworn, is not well taken, when first raised after conviction on motion in arrest of judgment, under Code 1906, §§ 1413, 1426, 1427, providing that a judgment of conviction shall not be arrested for any defect or omission in any grand jury which might have been raised before verdict.

FROM the circuit court of Simpson county.

HON. ROBERT L. BULLARD, Judge.

Hays, appellant, was tried and convicted of murder. After conviction he moved in arrest of judgment on the ground that the record failed to show that the grand jury, which found the indictment, was sworn and acted under oath. The court below overruled the motion and sentenced defendant to the penitentiary for life. The defendant appealed to the supreme court. The facts pertinent to the question decided are fully stated in the opinions of the court.

The first opinion announced a reversal of the judgment appealed from; but, on suggestion of error, it was vacated and the second and controlling opinion delivered.

The code sections, Code 1906, §§ 1413, 1426 and 1427, adjudged to be controlling are as follows:

"1413. *No acquittal for defects in record, etc.*—A person shall not be acquitted or discharged in a criminal case, before verdict, for any irregularity or informality in the pleadings or proceedings; nor shall any verdict or judgment be arrested, reversed, or annulled after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect of form which might have been taken advantage of before verdict, and which shall not have been so taken advantage of."

"1426. *Indictment; demurrers to, etc.*—All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterwards; and the court, for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared."

"1427. *The same; motions to quash.*—All objections to an indictment for any defect dehors the face thereof, presenting an issue to be tried by the court, shall be taken by motion to quash the indictment, and not otherwise, within the time allowed for demurrers, and with the right to amend, as provided in the last preceding section."

*Robert N. & Hugh B. Miller,* and *Albert H. Whitfield, Jr.,* for appellant.

The record in this case does not show that the grand jury, which found the bill of indictment in this case, was sworn. It shows that the foreman was sworn, but does not show that the balance of the grand jury were sworn.

A grand jury is an illegal body, wholly incomplete and possessing no powers of a legal grand jury until it is sworn; and this swearing must affirmatively appear by the record.

The constitution requires, as a foundation of this prosecution that an indictment shall be returned by a grand jury, which means as a matter of course a grand jury, not only impaneled and selected but sworn as required by the laws of the state.

Therefore, the indictment in this case is void, because the grand jury that returned it was not a legal body. It is such a fatal defect that it is not waived by plea to the merits, and cannot be waived, and the motion in arrest of judgment is the proper remedy. Being a defect which could not be waived, it is not cured by the statute of jeofails or any other statute of our state.

"Grand juries are not complete and organized for business until sworn in accordance with the law or as prescribed by statute." 20 Cyc. 1319—citing in note 23; *State v. Furco,* 50 La. Ann. 1082, 20 South. 851; *United States v. Gale,* 109 U. S. 65; *Cody v. State,* 3 How. (Miss.) 27; *Abram's case,* 25 Miss. 589; *Foster's case,* 31 Miss. 421; *Mulligan's case,* 47 Miss. 304.

These Mississippi cases hold that the indictment is void, because the grand jury was not sworn, which must affirmatively appear by the record, and that the recitation of the fact that they were sworn in the caption of the indictment will not be sufficient.

We find in each of these cases that a motion in arrest of judgment was not made, but the question arose on a motion for new trial. This cuts no figure in the case, however, because if the defect is one which if it could be waived, would have been waived on a motion for new trial as well as in arrest of judgment, and was waived by a trial on the merits.

In the case of *Newcomb v. State,* 37 Miss. it is held that the statute of jeofails, the only statute that could cure this defect, only extends to those defects which might be waived. Now,

the question is, is this such a defect as could be waived? If it could be waived by a trial on the merits, then it would have been so held in all the foregoing Mississippi cases. It will be readily seen that on motion for new trial the court would on this point have simply said that it was a defect, which could be waived and was waived, because the defendants in all the cases were tried and convicted on the merits and then made a motion for a new trial.

The court will thus readily see that the question whether this defect is cured by the statute of jeofails is clearly closed out by the above Mississippi cases.

*George Butler,* assistant attorney-general, for appellee.

After the defendant had entered his plea of "not guilty" and had been tried and convicted by the jury he made a motion in arrest of judgment wherein he alleged that the indictment was void because the minutes of the special January term of the court did not show affirmatively that the grand jury which returned the indictment was "sworn" as was required by law and because the record shows affirmatively that the grand jury was not so "sworn" and in support of the allegations of that motion he offered in evidence the minutes of the special term wherein it is recited that "the following named persons taken from the body of the county of Simpson and from the list were duly *selected* and *impaneled* as grand jurors for the state of Mississippi in open court, to wit: (here follow the names of those so impaneled) and the court having examined them touching their qualifications as such found them qualified in every respect and they were thereupon *impaneled* and from their number Robert L. Mangum was appointed foreman of said grand jury, who in open court and in the presence and hearing of the rest of the grand jurors took the oath required by law and having heard the charge of the court touching their duties retired to consider of indictments and presentments in charge of I. K. Brown, who was sworn as bailiff."

The record contains the further recital that, *"the grand jurors* for the state of Mississippi appeared in open court, there being more than twelve of their number present and through their foreman presented bills of indictments numbered respectively, * * * (including this one) which were received by the court and marked filed by the clerk." The indictment recites, "The grand jurors for the state of Mississippi, *elected, impaneled, sworn,* and charged in and for Simpson county, etc., present:"

Of course the motion in arrest reached only such defects as appeared in the face of the record, and if it be true that the record fails to show that the grand jury was sworn it is equally true that the record does not show that the grand jury was not sworn.

We are not unmindful of the holding of this court in *Cody v. State,* 3 How. (Miss.) 27; *Abrams' case,* 25 Miss. 589; *Mulligan's case,* 47 Miss. 304, and other cases to the same effect, but those decisions are unsound and opposed to the great weight of authority and are in conflict with numerous holdings of this court. *Bird v. State,* 1 How. (Miss.) 163; *Woodsides v. State,* 2 How. (Miss.) 665; Thompson & Merriam on Juries, sections, 689, 690, 691, 692, 694, and 695; *Friar v. State,* 3 How. (Miss.) 422; *Seal v. State,* 13 Smed. & M. 286; *Green v. State,* 28 Miss. 287; *Chase v. State,* 46 Miss. 283; *State v. Kimbrough,* 2 Dev. (N. C.) 431; *State v. Watson,* 31 La. Ann. 379; *Bird v. State,* 53 Ga. 602; *Holloway v. State,* 53 Ind. 555; *Commonwealth v. Pullan,* 3 Bush (Ky.), 47.

The recitals in the record are sufficient to show that the jury was sworn. It is expressly recited that they were *"impaneled"* and the swearing is simply one step in the process of impaneling the jury.

Again, whether the grand jurors were sworn or not they were *de facto* grand jurors and as such at most their acts were only voidable and not void. *State ex rel. v. Dun,* 27 L. R. A. 776 and note.

A plea of "not guilty" was a waiver of the defect and the objection could not be raised for the first time after the verdict, and this is true irrespective of Code 1906, §§ 1426, 1413, and 1427. Thompson & Merriam, *supra;* 1 Bish. Crim. Proc., 886; monographic note, 12 Am. St. Rep. 910; *United States v. Gale,* 109 U. S. 65; *State v. Watson,* 31 La. 379; *O'Brien v. State,* 9 L. R. A. 332; *State v. Carver,* 49 Me. 588; *State v. Lamon,* 3 Hawks, 175; *State v. Seaborn,* 4 Dev. (N. C.) 305; *Bird v. State,* 53 Ga. 602; *Young v. State,* 23 Ohio State, 577; *Barron v. People,* 73 Ill. 256; *State v. Jackson,* 36 La. Ann. 96; *Holloway v. State,* 53 Ind. 554; *Floyd v. State,* 30 Ala. 511; *State v. Pile,* 5 Ala. 72; *Commonwealth v. Pullan,* 3 Bush, 47; *Friar v. State,* 3 Howard, 422; *Seal v. State,* 13 Smed. & M. 286; *Green v. State,* 28 Miss. 687; *Chase v. State,* 46 Miss. 683; *Wadell v. Magee,* 53 Miss. 687.

If it be possible to be mistaken in this contention, appellant is absolutely cut off from the benefit of this irregularity by Code 1906, §§ 1413, 1426, and 1427.

Argued orally by *R. N. Miller,* for appellant, and by *George Butler,* assistant attorney-general, for appellee.

SMITH, J., delivered the first opinion of the court; the one afterwards vacated.

Appellant was convicted of murder in the court below, sentenced to life imprisonment in the penitentiary, and appeals to this court.

After verdict, a motion in arrest of judgment was made on the ground that the grand jury which found the indictment on which he was tried was not sworn. The minutes of the court at which the indictment was found contain no statement showing that the grand jury was sworn. It has long since been settled in this state that a grand jury must in fact be sworn before it is legally organized, and that this fact must affirmatively appear from the record. *Cody v. State,* 3 How. 27; *Abram's*

*case,* 25 Miss. 589.; *Foster's case,* 31 Miss. 421.   This defect, being jurisdictional, is not cured by sections 1413, 1426, and 1427 of the Code of 1906—in fact, could not be cured by legislative enactment.   *Arbuckle v. State,* 80 Miss. 15, 31 South. 437.

The indictment contains the usual caption, reciting that the grand jury had been "duly elected, impaneled, and sworn"; and it is argued that this recital cures the defect in the record. It has, however, long since been decided otherwise.   See authorities *supra.*   "What ought to be of record must be proved by record, and by the right record, made at the right time and in the right place."   Hughes, Grounds and Rudiments of Law, p. 966.

The judgment of the court below is reversed, the indictment quashed, and the defendant held to await the action of a legally organized grand jury.

Afterwards, on suggestion of error by the state, the foregoing opinion was vacated.

SMITH, J., delivered the opinion of the court in response to the suggestion of error.

We are satisfied that our former opinion in this case was erroneous, and that the judgment of the court below ought to be affirmed.   The cases of *Cody v. State,* 3 How. 27; *Abram v. State,* 25 Miss. 589, and *Foster v. State,* 31 Miss. 421, were decided prior to the enactment of the statutes now composing sections 1413, 1426, and 1427 of the present Code.   In those cases the court, in effect, declined to apply the maxim, *"Omnia præsumuntur rite acta,"* to matters of this character, and held that it must affirmatively appear from the record that the grand jury was in fact sworn.

The effect of the statutes above referred to is to change this rule, and now, where the record is silent as to matters of this character, and no objection thereto has been made before ver-

dict, the court is required to presume that the same have been rightfully and regularly done. *Ex parte Phillips,* 57 Miss. 357; *Spivey v. State,* 58 Miss. 743. This is true, even though the matter complained of is jurisdictional in its nature. The statute does not provide that the court may proceed with the trial of the cause without doing those things necessary to invest it with jurisdiction, but simply that, after the trial has proceeded to verdict without objection, the court will conclusively presume, so far as those matters referred to in the statute now under consideration are concerned, that the same have been rightfully and regularly done. In other words the defendant is not cut off from raising the jurisdictional question, but the statute merely limits the time in which the same may be raised.

There being no reversible error, if error at all, in the other matters complained of, the suggestion of error is sustained, the judgment heretofore rendered in this court is vacated, and the judgment of the court below is *affirmed.*