## McFarland *v.* State.

[70 South. 563.]

1. JURY. *Administering. Oaths. Record. Criminal law.*
   Where in a murder case the minutes of the trial court recites that twelve jurors were sworn, but named only eleven and a second order in the case named twelve, but did not recite that they were sworn, in such case the record sufficiently showed that twelve jurors were chosen and sworn, the errors being manifestly clerical.

2. CRIMINAL LAW. *Appeal and error. Presumptions.*
   In the absence of an affirmative showing to the contrary, it will be presumed on appeal that the jury in a criminal trial was sworn.

Appeal from the circuit court of Carroll county.

Hon. H. H. Rodgers, Judge.

Nathan McFarland was convicted of murder and appeals.

The facts are fully stated in the opinion of the court.

*F. M. Glass* and *R. F. Kimmons,* for appellant.

*Ross A. Collins,* attorney-general, for the state.

Cook, J., delivered the opinion of the court.

Appellant was indicted for murder, convicted by the jury, and sentenced to be hanged by the circuit court of the second district of Carroll county. In accordance with the practice of this court in cases wherein the death penalty is imposed, each member of the court has read the entire record of the evidence taken in the trial court and the brief of counsel for appellant.

We have reached the conclusion that no error of law was committed by the trial court, but, inasmuch as it is so earnestly insisted that the record discloses appellant was tried by an unsworn jury, we have decided to discuss this assignment of error.

The argument is based on the recital of facts contained in two orders entered upon the minutes of the trial court. Omitting that part of the court's orders not pertinent to the points made in this court, we quote as follows from the order entered May 19th, viz.:

"This day this cause came on for hearing, and the district attorney, who prosecutes for the state in this behalf, being in open court, and the defendant, Nathan McFarland, being in open court in his own proper person and represented by counsel, and being rearraigned, and having had read to him the bill of indictment filed herein against him for the murder, enters his plea of not guilty thereto, and for his trial puts himself upon the country, and the district attorney doth alike, for the is-

sue joined, whereupon the state was called upon as to being ready for trial, announced ready for trial, whereupon the defendant was called upon as to being ready for trial, whereupon, the defendant having his witnesses called, all answered present, including the witnesses Neely Greer and Lenius Biles, who were mentioned in the defendant's written motion filed for a continuance at a former day of this term of court, whereupon the defendant announced ready for trial, whereupon the court proceeded to impanel the jury from the persons summoned by the special *venire facias* aforesaid, whereupon the following named twelve good and lawful men of said county, to wit: E. M. Hovis, J. O. Adams, T. N. Merriweather, Jr., T. E. Bell, J. T. Buchanan, J. F. Bole, S. T. Carpenter, J. M. Grant, J. C. Day, N. A. Delap, W. W. Wilson. . . ."

Again, we quote from the order entered May 20th, as follows:

"This day this cause came on to be heard, thereupon came the district attorney, who prosecutes for the state in this behalf, and the defendant, in his own proper person and represented by counsel, and both announcing ready for trial, and the defendant being arraigned according to law and entering a plea of not guilty as charged in the indictment, thereupon came a jury good and lawful men, to wit, E. M. Hovis, J. L. Adams, T. N. Merriweather, Jr., T. E. Bell, A. B. Ruscoe, J. T. Buchanan, J. F. Bole, S. T. Carpenter, J. M. Grant, J. C. Day, N. A. Delap, W. W. Wilson, who after hearing all the evidence and argument of counsel *pro* and *con*, and receiving the instructions of the court, retired in charge of their proper bailiffs to consider of their verdict, and, after due deliberation, returned into open court the following verdict, to wit: 'We, the jury, find the defendant guilty as charged.' "

It will be noted that the order of May 19th names eleven jurors and recites that they were sworn. It will be observed that the order of May 20th omits to say that the jurors named therein were sworn, and also adds another

and additional juror to those listed in the first order.
There was no claim made in the court below that all of
the members of the jury were not sworn. This question
is raised for the first time in this court. It is perfectly
manifest to our minds that there is a clerical omission
of the name of one of the jurors in the first order. The
order recites that "twelve good and lawful men" were
sworn, but in listing by name the twelve one name is
omitted, and this is made clear by the second order. Ap-
pellant was represented by able lawyers in the trial court,
and we know, as ordinary men, that they would not have
permitted this point to pass over, if, as a matter of fact,
one of the jurors was not sworn. But, if we are preclud-
ed from using our common sense in the performance of
our judicial functions, happily the legislature has taken
care of just such situations as this record reflects.

The rigor of the common law caused humane judges,
far in advance of the times, to scan the records of crimi-
nal trials with jealous regard for the lives of convicted
criminals, but in our times the penalty for the violation
of the laws bears some relation to the nature of the of-
fense, and therefore, the legislature has swept away
many of the obsolete rules of the common law. This
court, in *Hays* v. *State,* 99 Miss. 153, 50 So. 557, has, in
our opinion, settled the question raised on this appeal.

The second order made in this case by the trial court
expressly recites the names of the twelve jurors who tried
appellant, but is silent as to whether or not the twelve
were sworn, and this court, in the Hays Case, has said
that we must presume that the jury was sworn, unless
it affirmatively appears that it was not sworn.

*Affirmed.*