HILL v. STATE.

[73 South. 66.]

1. CRIMINAL LAW. *Manslaughter. Venue. Sufficency of evidence. Judicial notice. Municipalities. Existence and general course of railroads. Appeal. Reversal. Trial. Swearing jurors. Exception.*

The court held that under the facts of this case as set out in the opinion that the venue of the crime was established in Wilkinson county.

2. CRIMINAL LAW. *Judicial notice. Municipalities.*

Courts not only take judicial cognizance of municipalities but of the existence and general course of important railroads.

3. CRIMINAL LAW. *Appeal. Reversal. Proof of venue.*

Under Code 1906, section 1401, providing that doubt as to the county in which the offense was committed shall not avail to

procure acquittal, the supreme court is precluded from reversing a case even though the evidence leaves the venue in doubt.

1. CRIMINAL LAW. *Trial. Swearing jurors.*

The failure to specially swear the jury in a capital case, as required by Code 1906, section 1483, was not a jurisdictional defect and must have been taken advantage of before verdict as provided by section 1413, Code 1906, and where a defendant accepted the jury and went to trial on the facts without exception on this ground, such exception could not be first made in a motion for a new trial, since section 4936, Code 1906, provides that no judgment shall be reversed for any defect which might have been taken advantage of before verdict, and which was not then urged.

APPEAL from the circuit court of Wilkinson county.
HON. R. E. JACKSON, Judge.

Hattie Hill was convicted of manslaughter and appeals.
Section 1401 of the Code of 1906, referred to in the opinion, provides that:

"The local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where the offense was committed. But, if on the trial the evidence make it doubtful in which of several counties, including that in which the indictment alleges it, the offense was committed, such doubt shall not avail to procure the acquittal of the defendant."

Section 1483 provides:

"The jurors in a capital case shall be sworn to 'well and truly try the issue between the state and the prisoner, and a true verdict give according to the evidence and the law'; and bailiffs may be specially sworn by the court, or under its direction, to attend on such jury and perform such duties as the court may prescribe for them."

Section 4936 provides that:

"A judgment in a criminal case shall not be reversed because the transcript of the record does not show a proper organization of the court below or of the grand jury, or where the court was held, or that ·the prisoner was present . . . during the trial or any part of it,

or that the court asked him if he had anything to say why judgment should not be pronounced against him upon the verdict, or because of any error or omission in the case in the court below, except where the errors or omissions are jurisdictional in their character, unless the record show that the errors complained of were made ground of special exception in that court.''

·*Bramlett & Bramlett,* for appellant.

The state did not attempt to prove venue, Wilkinson county, in which the indictment charges this homicide was committed, is nowhere mentioned in the Record.

In *Thompson* v. *State,* 51 Miss. 353, on page 356, the court said: The record does not show that the offense was committed in the county where the trial was had. This was essential. Const., art. 1, sec. 7. The court erred in not arresting the judgment, for which judgment is reversed and defendant discharged.'' This section of the Constitution of 1869 is brought down and incorporated in section 26, article 3 of the Constitution of 1890 which is as follows:

Section 26. In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both, to demand the nature and cause of the accusation, to be confronted by the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed; and he shall not be compelled to give evidence against himself; but in prosecutions for rape, adultery, fornication, sodomy or the crime against nature the court may, in its discretion, exclude from the court room all persons except such as are necessary in the conduct of the trial.

In *Vaughan* v. *State,* 3 Smedes & M. 553, p. 554, the court said: ''It is scarcely necessary to add, that the offense must be proved to have been committed in the

county, as charged in the indictment, in order to bring it within the jurisdiction of the court."

In *Green* v. *State,* 23 Miss. 509, p. 531, the court said: "And after a careful examination, we find no proof that the offense of which the prisoner was convicted, was perpetrated within the county of Marion, as alleged in the indictment.

This proof was essential. 1 Ph. Ev., 515; 3 ib. 703, n. 381. The prosecution, from inability or inadvertence, having failed to produce it, the finding of the jury and the judgment of the court were void."

To quote Bishop's Criminal Evidence, Pleading and Practice (2 Ed.), vol. 2, section 1355, 3: "The venue must appear, showing the offense to have transpired in a place over which the court has jurisdiction."

On page 6 of the record it appears this homicide occurred in Centerville, Miss. In the *Elzey case,* 70 So. 579, Judge POTTER, holding that a court cannot take judicial notice of a supervisor's district said: "The districts of a county are determined by order of the board of supervisors of the county, and by such order may be changed by *Board of Supervisors of Sunflower County,* 70 So. 742. This reasoning applies with the same unanswerable force to municipalities in certain counties because the municipal authorities are authorized by section 3301 of the Code to change the boundaries of a municipality, and of course they may at any time take in territory lying in more than one county. This particular case is a striking illustration. The court cannot take judicial notice that Centerville is in Wilkinson county because it is not entirely. If the court should take judicial notice that Centerville is in Wilkinson county, it would also have to take judicial notice that Centerville is in Amite county, the municipal boundaries embracing territory in both counties. Failure to prove venue may be assigned on appeal. *Quillen Case,* 106 Miss. 831; *Cagle case,* 63 So. 672.

## 2. JURY NOT SWORN.

Section 1483 of the Code of 1906, provides: "The jurors in a capital case shall be sworn to "well and truly try the issue between the state and the prisoner, and a true verdict give according to the evidence and the law;" and bailiffs may be specially sworn by the court, or under its discretion, to attend such jury and perform such duties as the court may prescribe for them."

This statute was ignored in this case. Every prisoner at the bar in a capital case is entitled to the protection that this statute affords in having the jury sworn as above provided for. It is his inalienable right to have the jury impressed with the solemnity and importance of a trial where a man's life or his liberty is at stake. The state's usual haven of refuge, section 2718 of the Code of 1906, can avail nothing in this case, because it provides that a jury shall be deemed a "legal jury after it shall have been impaneled and 'sworn."

*Ross A. Collins,* Attorney-General, for appellee.

The first of the three errors alleged relates to the alleged failure of the state to show that the homicide occurred in Wilkinson county. The evidence shows conclusively that the cutting was done in the town of Centerville. The court may properly take judicial notice that Centerville is in Winkinson county and the court may take judicial notice of this law of the state of Mississippi. Wharton, Criminal Evidence p. 594, 309d. It may be that the town has since elected to come under the Code provisions in regard to municipalites and thereby be enabled to extend ts municipal limits as therein provided. It is alleged by appellant's counsel that the boundary lines of the municipality have been so extended so as to include a part of Amite county. If these be the actual facts the contention of appellant's counsel may have some force.

The next contention is that the jury was not sworn in accordance with section 1483 of the Code of 1906. The evidence shows that the jury in this case were composed of the regular juries numbers one and two, drawn for the week, and that they were sworn when drawn. None of them being *tales* jurors.

Section 1413 of the Code of 1906, provides as follows: "A person shall not be acquitted or discharged in a criminal case, before verdict, for any irregularity or informality in the pleadings or proceedings; nor shall any verdict or judgment be arrested, reversed, or annulled after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect of form which might have been taken advantage of before verdict, and which shall not have been so taken advantage of." See also section 4936 of the Code.

The objection that the jury was not sworn cannot be first raised in the supreme court in a criminal case. *Alexander* v. *State*, 22 So. 871.

It will be presumed that the jury in a criminal case was sworn in the absence of an affirmative showing to the contrary. *McFarlan* v. *State*, 70 So. 563. The testimony in the circuit court shows in this case that the jurors were sworn when the juries were drawn at the beginning of court, and the record shows conclusively that no objection was made to them until after the verdict.

It is true that section 1483 prescribes a certain oath to be taken by jurors in a capital case, but I submit that the failure to administer this oath can be made the subject of waiver and consequently under sections 1413 and 4936 of the Code of 1906, the appellant cannot complain after the verdict has been rendered. If the jury had been sworn at the beginning of the term of court it constituted a legal jury as far as any constitutional requirements are concerned, and the failure of appellant to interpose an objection before verdict cannot avail him anything upon appeal, as the special oath is not so jurisdictional in its

nature as to preclude the application of the above stat-
utes.

STEVENS, J., delivered the opinion of the court.

Appellant was indicted for the murder of one Davis
Lyons, convicted of manslaughter, and sentenced to the
penitentiary for a term of three years. There are only
two points raised by the assignment of errors that merit
discussion. The first point is the contention that the
state failed to prove the venue; and the second point is
the complaint that the petit jury was not specially sworn
in accordance with the provisions of section 1483, Code
of 1906.

The witnesses for the state, in detailing the facts, no-
where mention Wilkinson county. There is abundant
evidence, however, that the crime was committed in Cen-
terville, Miss. The undisputed evidence also shows that
the scene of this tragedy was on the track of the Yazoo &
Mississippi Valley Railroad Company, "at the north end
of the depot, going up the track." Witness Murry Feltus,
who was with appellant at the time she cut or stabbed the
deceased, says that Davis Lyons, the deceased, overtook
them "when we got up to the other end of the depot, go-
ing up the track." We quote further from his testimony
the following:

"Q. Where did this take place? A. At the north end
of the depot, going up the track. Q. How far from Mr.
Ford's store? A. It was west of the store. Q. About
how far is it from the corner of Ford's store to the depot?
A. I guess about thirty or forty yards. Q. From the
front of the store to where she was? A. Yes, sir. Q.
You state you and Hattie were north of the depot in
Centerville? A. Yes, sir; going up the track."

The defendant was introduced as a witness in her own
behalf, and stated, among other things, that she, in com-
pany with Murry Feltus, came across by Hughes' store,
up the railroad track, going home, and that when she

first heard from the deceased she was about a block and a half up the track. Then follows the following question and answer:

"Q. What happened then? A. I was at the upper end of the depot, when he called me, and I answered him, but did not hesitate in my walking. He caught up with me, and said, 'Hattie.' I said, 'What?'"

And on cross-examination she states that the altercation took place by the side of the railroad track, when deceased overtook them; that it was on the same side of the track next to the depot; and that deceased, at the time, was between her and the depot. The evidence, then, in our judgment, clearly shows that the fatal stab was given the deceased in a fight occurring on the railroad right of way in the town of Centerville, and within sight of the depot and some of the stores of that municipality; that the deceased, after receiving the mortal wound, betook himself to one of the drug stores for examination and treatment, and was attended by a physician who lived in Centerville. The evidence quoted, in connection with the other evidence in the case, fixed, beyond doubt, the scene of the tragedy. Courts not only take judicial cognizance of municipalities, but of the existence and general course of important railroads like the one here running through the municipality of Centerville. But even if the evidence left the venue in doubt, we would be precluded from reversing this case on that ground by section 1401, Code of 1906.

A special venire was not asked for or used in the trial of this case. The jury was accepted from the regular panel. It was contended, on the motion for a new trial, that the jury was not specially sworn, as required by section 1483 of the present Code. Conceding that the proof shows the irregularity complained of, this error, under the provisions of sections 1413 and 4936 of the Code, cannot now be availed of by the defendant. It is a "defect or omission" in reference to the petit jury "which might have been taken advantage of before ver-

dict'' and which was not taken advantage of. Looking to section 4936, we are convinced that this error or omission was not jurisdictional in its character, and was not made the ground of special exception at the proper time. The defendant permitted the jury tendered her to be accepted, and a trial on the facts had without calling the court's attention to the apparent oversight in not having the jury specially sworn. Not until after the verdict is returned and there is a motion for a new trial is any complaint made of this omission. We are constrained to hold that special exception in the instant case should have been reserved or made at a time when the lower court could have corrected the error. This holding finds support in *Alexander* v. *State,* 22 So. 871, *Hays* v. *State,* 96 Miss. 153, 50 So. 557, and *Boroun* v. *State,* as reported on suggestion of error, 105 Miss. 887, 63 So. 297, 457.

There is no material error in the instructions, or any other ruling of the court complained of. There is evidence sufficient to warrant the conviction for manslaughter.

*Affirmed.*