McMillan *v.* State.

(In Banc.   June 9, 1941.)

[2 So. (2d) 823.   No. 34495.]

C. B. **Hutchison**, of Tupelo, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant was indicted, tried, and convicted in the circuit court of Lee county of the crime of false pretense, and sentenced to the penitentiary for the term of three years. From that judgment he prosecutes this appeal.

Appellant was not represented by counsel in the trial court. The questions raised on this appeal were not raised in the court below, and therefore of course were not passed on. Appellant contends that he is entitled to a reversal of the judgment because the record of the trial does not affirmatively show that the jury convicting him were sworn. The record shows the following: ''Proclamation having been made by the sheriff as the manner is, and the Court being called to order by the Judge and the grand and the petit juries having been organized,'' etc. The phrase, ''having been organized,'' carries with it the idea that the jury was legally organized—the statutory oath administered and the other things done required by law. Furthermore, in the absence of an affirmative showing to the contrary, it will be presumed on appeal that the jury in a criminal case was sworn. McFarland v. State, 110 Miss. 482, 70 So. 563. The question cannot be raised on appeal for the first time. Alexander v. State (Miss.), 22 So. 871; Hill v. State, 112 Miss. 375, 73 So. 66; Cummings v. State (Miss.), 155 So. 179.

Appellant argues that the court erred in admitting certain written evidence to go before the jury on behalf of the state. No objection was made in the court below to its introduction. It is too late now to question its competency. Jackson v. State, 163 Miss. 235, 140 So. 683.

Affirmed.